[Cite as *State v. Morris*, 2020-Ohio-4103.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-12-205 |
| | : | O P I N I O N |
| - vs - | | 8/17/2020 |
| | : | |
| ARTHUR MORRIS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-09-1390

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶1} Appellant, Arthur Morris, appeals his convictions and sentence in the Butler County Court of Common Pleas after pleading guilty to aggravated burglary, aggravated robbery, kidnapping, and felonious assault.

{¶2} In early September 2019, a woman called 9-1-1 and reported a burglary in progress. The 9-1-1 operator could hear the caller screaming for help and yelling at a

person unknown to the operator, later identified as Morris. Officers quickly arrived on the scene and located Morris fleeing from the victim's back door area. Once the officers were able to apprehend Morris, they entered the victim's garage where they found the victim lying in a large pool of his own blood.

{¶3} The victim was transported to the hospital where he received multiple stitches to four different areas of his head. The victim had injuries to other areas of his body, including his hands and fingers. The victim told police that he noticed the rear door of his garage open and saw Morris standing on the patio. Morris hit the victim in the head with a tire iron possibly twice, and then picked up a sledgehammer from nearby and hit the victim twice more. Morris then dragged the victim into the garage.

{¶4} Once in the garage, Morris tied the victim's hands with an extension cord and taped his legs together. Morris then turned an air compressor on top of the victim. Morris demanded the victim's wallet and keys. At that point, officers arrived, and the victim cried for help as Morris ran.

{¶5} Morris was charged with aggravated burglary, two counts of aggravated robbery, two counts of kidnapping, and two counts of felonious assault. Each of the charges included a specification that Morris was a repeat violent offender. Morris pled guilty to single counts of aggravated burglary, aggravated robbery, kidnapping, and felonious assault. The other charges were dismissed, as were the violent offender specifications. The trial court accepted Morris' plea after determining that such was voluntarily given. The trial court merged the felonious assault and aggravated robbery charge as allied offenses of similar import. The trial court then sentenced Morris to consecutive sentences on the remaining three convictions for an aggregate mandatory indeterminate sentence of 30 to 35 years in prison. Morris now appeals his convictions and sentence, raising the following assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} THE TRIAL COURT IMPROPERLY PRESUMED THAT OHIO REVISED CODE 2967.271 IS CONSTITUTIONAL.

{¶8} In his first assignment of error, Morris challenges the constitutionality of Ohio's indeterminate sentencing statute, R.C. 2967.271.

{¶9} It is well established that "we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17.

{¶10} Recently, this court considered the arguments Morris now raises on appeal and found that Ohio's indeterminate sentence statute is constitutional. *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 8. We decline to revisit *Guyton*, or to change the analysis set forth therein that clearly establishes the constitutionality of Ohio's indeterminate sentencing statute. As such, Morris' first assignment of error is overruled.

{¶11} Assignment of Error No. 2:

{¶12} AGGRAVATED BURGLARY, AGGRAVATED ROBBERY AND KIDNAPPING ARE ALLIED OFFENSES UNDER R.C. 2941.25 AND SUBJECT TO MERGER.

{¶13} Morris argues in his second assignment of error that his three convictions should have merged as allied offenses.

{¶14} Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Conrad*, 12th Dist. Butler No. CA2018-01-016, 2018-Ohio-5291, ¶ 43. However, if any of the following occurs, the defendant may be convicted and sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the

offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26.

{¶15} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *Conrad* at ¶ 44.

{¶16} Morris was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which provides,

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
>
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

{¶17} Morris was also convicted of aggravated robbery in violation of R.C 2911.01(A)(1), which provides,

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

{¶18} Finally, Morris was convicted of kidnapping in violation of R.C. 2905.01(A)(2), which provides, "no person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: (2) To facilitate the commission of any felony or flight thereafter[.]"

{¶19} After reviewing the record, we find that Morris has failed to carry his burden to demonstrate that his convictions for aggravated robbery, aggravated burglary, and kidnapping are allied offenses. Instead, the facts indicate that Morris committed his crimes separately and with a different animus.

{¶20} By attacking the victim outside his garage, Morris used physical force to invade the garage. Once entering the victim's garage, Morris committed a separate attack upon the victim. By separate conduct and with a different purpose, Morris demanded the victim's keys and wallet to effectuate a theft offense, to which he pled guilty. Once inside the garage, Morris committed the separate offense of aggravated robbery by stealing the victim's wallet. Then, using additional force, Morris restrained the victim's freedom of movement by taping his legs, tying his hands with an extension cord, and placing an air compressor across the victim's body in order to facilitate his own escape. Morris' actions violated the victim's physical well-being through the binding of his body and overturning heavy equipment on the victim so that he could not get up.

{¶21} Since Morris facilitated each act separately and with a different animus, the convictions are not allied offenses. The trial court did not err in its allied offenses analysis, and Morris' consecutive sentences for three separate convictions are valid. Thus, Morris' second assignment of error is overruled.

{¶22} Judgement affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.