[Cite as *State v. Maddox*, 2020-Ohio-4702.]

COURT OF APPEALS
LUCAS COUNTY, OHIO
SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
|     Plaintiff-Appellee | |
| -vs- | Sitting by Assignment by the Ohio<br>Supreme Court |
| EDWARD MADDOX | Case No. CL-19-1253 |
|     Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Lucas County Court of
Common Pleas, Case No. CR-19-2094

JUDGMENT:    Appeal Dismissed

DATE OF JUDGMENT ENTRY:    September 30, 2020

APPEARANCES:

For Plaintiff-Appellee           For Defendant-Appellant

JULIA R. BATES           ANDREW R. MAYLE
Prosecuting Attorney         Mayle, LLC
Lucas County, Ohio          P.O. Box 263
                                  Perrysburg, Ohio  43552

ALYSSA BREYMAN
Assistant Prosecuting Attorney
Lucas County Courthouse
711 Adams Street
Toledo, Ohio  43604

*Hoffman, P.J.*

{¶1} Appellant Edward Maddox appeals the judgment entered by the Lucas County Common Pleas Court convicting him of two counts of attempted burglary (R.C. 2923.02, 2911.12(A)(2),(D)) and one count of burglary (R.C. 2911.12(A)(2),(D)) following his *Alford* pleas of guilty, and sentencing him to an aggregate minimum prison term of four years and an aggregate indefinite maximum prison term of six years. Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On September 30, 2019, Appellant entered pleas of guilty pursuant to *North Carolina v. Alford* to two counts of attempted burglary, in violation of R.C. 2923.02 and R.C. 2911.12(A)(2) and (D), felonies of the third degree; and one count of burglary, in violation of R.C. 2911.12(A)(2) and (D),a felony of the second degree. Appellant was convicted upon his pleas, and the case proceeded directly to sentencing.

{¶3} Appellant was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. On each of the convictions of attempted burglary, the trial court sentenced Appellant to twelve months incarceration. On the burglary conviction, the court sentenced Appellant to a stated minimum term of incarceration of four years and a maximum indefinite term of incarceration of six years. The trial court ordered the sentences to be served concurrently.

{¶4} It is from the October 24, 2019, judgment of the Lucas County Common Pleas Court Appellant prosecutes this appeal, assigning as error:

---

[1] A rendition of the facts is not necessary for our resolution of the issues raised on appeal.

I. IT WAS PLAIN ERROR FOR THE TRIAL COURT TO IMPOSE SENTENCE UNDER THE REAGAN TOKES LAW BECAUSE ITS PROVISIONS ARE UNCONSTITUTIONAL NULLITIES.

II. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN NOT OBJECTING TO APPLICATION OF THE TOKES LAW.

I., II.

{¶5} In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers. In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶6} R.C. 2967.271 provides in pertinent part:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the

sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1)Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a)During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b)The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2)Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3)At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's

incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

{¶7} Appellant argues the portions of the statute which allow the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. However, Appellant has not yet been subject to the application of these provisions, as he

has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

**{¶8}** The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.,* 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
>
> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

**{¶9}** *Id.* at 89, 694 N.E.2d at 460.

**{¶10}** In *State v. McCann,* 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, the defendant argued because the Parole Board, pursuant to R.C. 2967.28, could extend his sentence by up to an additional five years for violation of post-release control, the statute was unconstitutional. The Eighth District Court of Appeals concluded because McCann was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review. *Id.* at ¶6.

**{¶11}** Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his four year minimum sentence and potentially continue his incarceration to a term not exceeding six years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.  Our conclusion is consistent with our duty not to issue advisory opinions, as well as "'the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.'" *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶51, *quoting PDK Laboratories, Inc. v. United States Drug Enforcement Adm.* (C.A.D.C.2004), 362 F.3d 786, 799 (C.A.D.C. 2004)(Roberts, J., concurring in part and in judgment).

**{¶12}** In *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), the Ohio Supreme Court held the former R.C. 2967.11, which allowed executive branch officials to try, convict, and add bad time to a prisoner's term for a criminal violation occurring during the course of the prisoner's stated term of incarceration, violated the constitutional doctrine of separation of powers and was therefore unconstitutional The case involved three prisoners who had been subject to application of the "bad time"

provision. One prisoner had filed a writ of habeas corpus in the Court of Appeals for Warren County, which denied the writ, and he appealed. A second prisoner filed a writ of habeas corpus in the Court of Appeals for Trumbull County, which granted the writ, and the State appealed. A third prisoner filed an original petition for a writ of habeas corpus in the Ohio Supreme Court. Although the Bray court did not specifically discuss the necessity of the use of a writ of habeas corpus to challenge the constitutionality of the bad time provisions of the statute, the court ruled on the merits of the writs, finding the statute violated the constitutional doctrine of separation of powers. Id. at 136, 729 N.E.2d at 362. We thus infer the appropriate method for Appellant to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of habeas corpus if he is not released at the conclusion of his four year minimum term of incarceration.

{¶13} *See, also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230 (constitutionality of Reagan Tokes Law not ripe for review where defendant was not yet subject to presumptive release provisions).

**{¶14}**  We find the issues raised in this appeal are not yet ripe for review.

**{¶15}**  The appeal is dismissed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur

Sitting by Assignment by the Ohio

Supreme Court

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

_____

HON. EARLE E. WISE, JR.

IN THE COURT OF APPEALS FOR LUCAS COUNTY, OHIO

SIXTH APPELLATE DISTRICT

STATE OF OHIO                      :

      Plaintiff-Appellee           :

-vs-                          :           JUDGMENT ENTRY

EDWARD MADDOX          :

      Defendant-Appellant    :           Case No. CL-19-1253

For the reason stated in our accompanying Opinion, this appeal is dismissed. Costs assessed to Appellant.

Sitting by Assignment by the Ohio

Supreme Court

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

_____

HON. EARLE E. WISE, JR.