[Cite as *State v. Wheeler*, 2021-Ohio-3062.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                      Court of Appeals No.  WD-21-019

      Appellee                                             Trial Court No.  2020CR0517

v.

Harley Michael Wheeler                               **DECISION AND JUDGMENT**

      Appellant                                            Decided:  September 3, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence G. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Harley Wheeler, appeals the judgment of the Wood County Court of Common Pleas, convicting him, following a guilty plea, of one count of felonious assault with an attendant firearm specification, one count of abduction, and one count of

obstructing official business, and sentencing him to an indefinite sentence of six to seven years in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On November 13, 2020, a bill of information was filed charging appellant with one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree, with an attendant three-year firearm specification pursuant to R.C. 2941.145(A), one count of abduction in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree, and one count of obstructing official business in violation of R.C. 2921.31(A) and (B), a felony of the fifth degree. The charges stemmed from an incident on June 9, 2020, wherein appellant shot his friend in the buttocks and then attempted to lie to the police by claiming that his friend was shot in a drive-by shooting.

{¶ 3} On December 18, 2020, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to the offenses as charged. Sentencing was held on February 12, 2021, during which the trial court sentenced appellant in accordance with the Reagan Tokes Act to a minimum of two years in prison and a maximum of three years in prison on the count of felonious assault. The court further ordered that sentence to be served concurrently with a 12-month prison sentence on the count of abduction, but consecutive to a 12-month prison term on the count of obstructing official business and to a mandatory three-year prison term for the firearm specification. In total, appellant was

2.

ordered to serve an indefinite sentence of six to seven years in prison, with the first three years being mandatory.

## II. Assignments of Error

{¶ 4} Appellant has timely appealed his judgment of conviction, and now asserts two assignments of error for our review:

    1.  Indefinite sentencing under the Reagan Tokes Act is unconstitutional under the Fourteenth Amendment of the United States Constitution and the applicable sections of the Ohio Constitution.

    2.  Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

## III. Analysis

### 1. Ripeness of Challenge to Constitutionality of Reagan Tokes Act

{¶ 5} In his first assignment of error, appellant argues that the indefinite sentence that he received pursuant to the Reagan Tokes Act is unconstitutional because the Reagan Tokes Act violates the doctrine of separation of powers, and because the law violates his right to due process by not affording him an attorney during the parole proceedings.

{¶ 6} The issue of the constitutionality of the Reagan Tokes Act, as codified in R.C. 2967.271, has recently been raised before this court multiple times.  Beginning with *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, ¶ 7, 14, we have

3.

consistently held that a challenge to the Reagan Tokes Act becomes ripe only after a defendant has completed the minimum term of the indefinite sentence and has been denied release. Thus, we have dismissed any such assignments of error as not ripe for review. *See State v. Cook*, 6th Dist. Lucas No. L-20-1205, 2021-Ohio-2619; *State v. Figley*, 6th Dist. Lucas No. L-20-1167, 2021-Ohio-2622; *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256; *State v. Zambrano*, 6th Dist. Lucas No. L-19-1224, 2021-Ohio-1906; *State v. Shepard*, 6th Dist. Lucas No. L-20-1070, 2021-Ohio-1844; *State v. Perry*, 6th Dist. Wood No. WD-20-025, 2021-Ohio-1748; *State v. Savage*, 6th Dist. Lucas No. L-20-1073, 2021-Ohio-1549; *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Sawyer*, 2020-Ohio-6980, 165 N.E.3d 844 (6th Dist.); *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552; *State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.).

{¶ 7} Accordingly, appellant's first assignment of error is dismissed as not ripe for review.

{¶ 8} On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Based on this conflict, the Ohio Supreme Court has accepted review of the following certified question:

4.

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 9} Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." The Ohio Supreme Court set forth three requirements which must be met in order to certify a case:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

5.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 10} As we did in prior cases, we find that our judgment in this appeal is in conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102; and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103. We, therefore, sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), of the Ohio Constitution, on the same issue certified in *Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

## 2. Ineffective Assistance of Counsel

**{¶ 11}** In his second assignment of error, appellant argues that trial counsel was ineffective for failing to preserve the issue of the constitutionality of the Reagan Tokes Act by objecting to its application in the trial court. To prove a claim of ineffective assistance, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 12}** Here, we find that the result of the proceedings would not have been different had trial counsel argued that the Reagan Tokes Act was unconstitutional. As noted above, this court has determined that such a challenge is not ripe for review. Furthermore, to the extent that the Reagan Tokes Act may be found unconstitutional in the future, this court in *Maddox* noted that an action in habeas corpus would be an appropriate vehicle to challenge his sentence. *Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, at ¶ 12. Thus, we cannot say that appellant has demonstrated any prejudice from trial counsel's failure to object to the application of the Reagan Tokes Act at sentencing. Therefore, we hold that appellant's trial counsel did not render ineffective assistance.

**{¶ 13}** Accordingly, appellant's second assignment of error is not well-taken.

7.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. We hereby certify a conflict to the Ohio Supreme Court on the issue of whether a challenge to the constitutionality of the Reagan Tokes Act is ripe for review, and the parties are directed to S.Ct.Prac.R. 8.01 for instructions on how to proceed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.