[Cite as *State v. Leak*, 2021-Ohio-3139.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-21-022 |
| Appellee | Trial Court No. 2020CR0112 |
| v. | |
| Velretta M. Leak | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 10, 2021 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Velretta Leak, appeals the February 24, 2021 judgment of the Wood County Court of Common Pleas which, following her guilty plea to engaging in a pattern of corrupt activity, sentenced her to an indefinite prison term of six years minimum to a maximum nine-year term. For the reasons set forth herein, we affirm.

{¶ 2} On March 5, 2020, appellant was indicted on eight counts including one count of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1), (B)(1), a first degree felony, and seven counts of money laundering, R.C. 1315.55(A)(3) and 1315.99(C), third-degree felonies. The criminal activity forming the basis of the charges spanned May 2019, through October 2019, where appellant and primarily one other individual would enter a small retail establishment; one would distract the employee while the other would locate the employee's purse and either steal the entire purse or just credit cards. After leaving, the pair would go to a large box store and purchase items for themselves with the stolen cards.

{¶ 3} On September 4, 2020, appellant entered a guilty plea to the amended count of engaging in a pattern of corrupt activity, a second-degree felony. The state agreed to dismiss the remaining seven counts. This appeal followed sentencing with appellant raising two assignments of error for our review:

I. Indefinite sentencing under the Reagan Tokes Act is unconstitutional under the Fourteenth Amendment of the United States Constitution and the applicable sections of the Ohio Constitution.

II. Appellant received ineffective assistance of counsel in violation of h[er] rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

{¶ 4} Appellant's first assignment of error argues that her indefinite sentence is unconstitutional because the Reagan Tokes Act violates the Separation of Powers

2.

doctrine as it allows the executive branch of government to make decisions regarding the length of her incarceration.

{¶ 5} The issue of the constitutionality of the Reagan Tokes Act, R.C. 2967.271, has been addressed by this court multiple times. We have consistently held that a challenge to the Reagan Tokes Act becomes ripe only after a defendant has completed the minimum term of the indefinite sentence and has been denied release. Thus, we have dismissed such assignments of error as not ripe for review. *See, e.g., State v. Maddox*, 6th Dist. Lucas No. L-20-1167, 2020-Ohio-4702; *State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.); *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757. Appellant's first assignment of error is dismissed as not ripe for review.

{¶ 6} On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Based on this conflict, the Ohio Supreme Court accepted review of the following certified question:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from

3.

sentencing, or only after the defendant has served the minimum term and
been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 7} Section 3(B)(4), Article IV of the Ohio Constitution provides that
"[w]henever the judges of a court of appeals find that a judgment upon which they have
agreed is in conflict with a judgment pronounced upon the same question by any other
court of appeals of the state, the judges shall certify the record of the case to the supreme
court for review and final determination." The Ohio Supreme Court set forth three
requirements which must be met in order to certify a case:

> First, the certifying court must find that its judgment is in conflict
> with the judgment of a court of appeals of another district and the asserted
> conflict must be "upon the same question." Second, the alleged conflict
> must be on a rule of law-not facts. Third, the journal entry or opinion of the
> certifying court must clearly set forth that rule of law which the certifying
> court contends is in conflict with the judgment on the same question by
> other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 8} As we did in prior cases, we find that our judgment in this appeal is in
conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. We
therefore, sua sponte, certify a conflict to the Supreme Court of Ohio, pursuant to Article

4.

IV, Section 3(B)(4), of the Ohio Constitution, on the same issue certified in *Maddox*, and set forth above.

{¶ 9} In her second assignment of error, appellant argues that trial counsel was ineffective for failing to preserve the issue of the constitutionality of the Reagan Tokes Act by objecting to its application in the trial court. To prove a claim of ineffective assistance, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 10} Here, we find that the result of the proceedings would not have been different had trial counsel argued that the Reagan Tokes Act was unconstitutional. As set forth above, this court has determined that such a challenge is not ripe for review. Furthermore, to the extent that the Reagan Tokes Act may be found unconstitutional in the future, this court in *Maddox* noted that an action in habeas corpus would be an appropriate vehicle to challenge his sentence. *Maddox*, 6th Dist. Lucas No. L-20-1167, 2020-Ohio-4702, at ¶ 12. Thus, we cannot say that appellant has demonstrated any prejudice from trial counsel's failure to object to the application of the Reagan Tokes Act at sentencing. Therefore, we hold that appellant's trial counsel did not render ineffective assistance. Appellant's second assignment of error is not well-taken.

{¶ 11} Accordingly, the judgment of the Wood County Court of Common Pleas is affirmed. We hereby certify a conflict to the Ohio Supreme Court on the issue of

5.

whether a challenge to the constitutionality of the Reagan Tokes Act is ripe for review, and the parties are directed to Sup.R.Prac. 8.01 for instructions on how to proceed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.