[Cite as *State v. Perry*, 2021-Ohio-3855.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-21-1001

      Appellee                                               Trial Court No. CR0202001153

v.

Dionte Perry                                                 **DECISION AND JUDGMENT**

      Appellant                                             Decided:  October 29, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Dionte Perry, appeals the judgment entered by the Lucas County

Court of Common Pleas on December 16, 2020, sentencing him to serve an indefinite

prison term of ten to 15 years in prison on a single count of involuntary manslaughter,

together with a mandatory and consecutive term of one year on a firearm specification

and five years of mandatory post-release control.  For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case and Facts

{¶ 2} The charges in this case stem from events that occurred on November 23, 2019.  The state alleges that on this date, while the victim and another individual sat in the front seat of a parked vehicle and began to conduct a drug transaction, appellant entered the car, through one of the back doors, with a gun and the intent to commit a robbery.  During the course of the robbery, appellant shot and killed the victim.

{¶ 3} A Lucas County Grand Jury subsequently indicted appellant for (1) aggravated murder, (2) aggravated robbery, (3) murder, and (4) felonious assault.  Each count included a three-year firearm specification and a five-year motor vehicle specification.

{¶ 4} On November 19, 2020, appellant withdrew his former plea of not guilty and entered a plea of guilty, pursuant to *North Carolina v. Alford*, to the lesser included offense of count three, involuntary manslaughter, in violation of R.C. 2903.04(A) and (C), a felony of the first degree, and to a one-year firearm specification under R.C. 2941.141(A).  In exchange, the state agreed to request a dismissal of the remaining charges at the time of sentencing.

{¶ 5} On December 10, 2020, the matter proceeded to sentencing.  The trial court sentenced appellant to an indefinite prison term of ten to 15 years on the involuntary manslaughter charge and to a mandatory one-year term of imprisonment on the firearm

2.

specification, with the terms ordered to be served consecutively, for a total indefinite prison term of 11 to 16 years. The court then advised appellant that upon his release from prison, he would be subject to a mandatory five-year term of post-release control on the involuntary manslaughter charge.

{¶ 6} The December 16, 2020 judgment entry accurately reflects the above-mentioned prison terms that were ordered for the "Lesser Included Offense of Count Three," involuntary manslaughter charge and for the firearm specification "attached to Count three." Regarding the mandatory five-year term of post-release control, however, the judgment entry states that it applies as to "count 1." It is from this judgment entry that appellant timely appeals.

**Assignments of Error**

{¶ 7} Appellant asserts the following assignments of error on appeal.

I. Appellant's conviction was contrary to law as the court imposed post release control for a dismissed charge.

II. The sentencing provisions of Senate Bill 201, otherwise known as the Reagan Tokes Law, are unconstitutional.

{¶ 8} Pointing to the inconsistency in the trial court's judgment entry with respect to the order for post-release control -- to the extent that the order was said to apply to count 1, instead of to the lesser included offense of count 3 -- appellant argues in his first assignment of error that his sentence must be reversed and that a new hearing must be

3.

held. Although we acknowledge the trial court's error, we decline to reverse appellant's sentence.

{¶ 9} The law is well-settled that a trial court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio5705, 940 N.E.2d 924, ¶ 12. "However, a trial court may correct clerical errors at any time in order to conform to the transcript of the proceedings." *State v. Adhikari*, 8th Dist. Cuyahoga No. 103935, 2017-Ohio-460, ¶ 63. Further, "[t]rial courts retain continuing jurisdiction to correct clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *Id.*

{¶ 10} Because appellant was notified in open court during his sentencing hearing that the term of post-release control would apply to the charge for involuntary manslaughter, we conclude that the error in the trial court's judgment entry, stating that post-release control would apply to "count 1," rather than to count three, was merely clerical in nature. Accordingly, we find appellant's first assignment of error to be well-taken, and we remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry that accurately reflects the fact that the term of post-release control is to apply to the lesser included offense of count three, involuntary manslaughter, and not to "count 1."

{¶ 11} Appellant argues in his second assignment of error that the trial court violated his constitutional rights, under both the Ohio Constitution and the United States Constitution, when it sentenced him to a total indefinite term of 11 to 16 years in prison. Specifically, he asserts that the indefinite sentencing provisions of Senate Bill 201,

known as the Reagan Tokes Act, are unconstitutional, in that they violate the separation of powers doctrine, his due process rights, and his right to a jury trial.

{¶ 12} Unfortunately for appellant, our controlling precedent concerning the question of the constitutionality of the provisions for indefinite sentencing in the Reagan Tokes law, as codified at R.C. 2967.271, requires dismissal of the appeal, because "[b]eginning with our decision in [*State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702], we have consistently held that a challenge to the Reagan Tokes law becomes ripe only after an individual sentenced under that law has completed the minimum term of the indefinite sentence and has been denied release." *State v. Figley*, 6th Dist. Lucas No. L-20-1167, 2021-Ohio-2622, ¶ 4, 5 (citations omitted).

{¶ 13} On December 28, 2020, the Supreme Court of Ohio determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-459; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. The court accepted the review of the following certified question:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from

5.

sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 14} Given our still-controlling precedent, we dismiss appellant's second assignment of error under *Maddox*, as appellant's challenge to the constitutionality of the Reagan Tokes law is not ripe for review, while also noting the conflict certified to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution, on the same issue raised in *Maddox*.

{¶ 15} On consideration whereof, the judgment of the Lucas County Court of Common pleas is affirmed and this case is remanded for issuance of a nunc pro tunc order consistent with this decision. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.

Judgment affirmed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                                                                  JUDGE
Myron C. Duhart, J.
CONCUR.                                      _____
                                                                      JUDGE

Christine E. Mayle, J.                 _____
CONCURS IN DECISION ONLY                                 JUDGE
AND WRITES SEPARATELY.

**MAYLE, J.**

{¶ 16} I agree that we must follow this court's decision in *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, ¶ 7—which held that the appellant's constitutional challenges to the Reagan Tokes Act, S.B. 201, are not ripe for review. But, in my view, we do not have the discretion to merely "note" the existing conflict between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592*; State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 17} Under the Ohio Constitution, "whenever" an appellate court determines that a conflict exists, the appellate court "shall" certify the conflict to the Supreme Court of Ohio. More specifically, Section 3(B)(4), Article IV of the Ohio Constitution clearly states that "*[w]henever* the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, *the judges shall certify the record of the case to the supreme court for review and final determination*." (Emphasis added).

{¶ 18} For that reason, I would find that our judgment in this appeal—which follows *Maddox*—is in conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v.*

7.

*Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker,* 161 N.E.3d 112, 2020-Ohio-5048 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 157 N.E.3d 142, 2020-Ohio-4102 (12th Dist.); and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103.

{¶ 19} Finally, I would sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.