[Cite as *State v. Hodges*, 2021-Ohio-3853.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-20-1184

    Appellee                                        Trial Court No. CR0201902697

v.

Anthony Hodges                                    **DECISION AND JUDGMENT**

    Appellant                                        Decided:  October 29, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Defendant-appellant, Anthony Hodges, appeals the October 1, 2020

judgment of the Lucas County Court of Common Pleas which, following his no contest

plea to one count of rape, sentenced him to an indefinite prison term of a minimum eight

years to a maximum 12 years.  For the reasons herein, we dismiss this appeal.

{¶ 2} Appellant was indicted on September 27, 2019, on two counts of rape of an impaired individual. The charges stemmed from appellant's employment as a home health aide. On September 15, 2020, appellant entered a no contest plea to one count of rape; the remaining charge was dismissed. Under the Reagan Tokes Act, S.B. 201, appellant was sentenced to an indefinite prison term. This appeal followed with appellant raising the following assignment of error:

**Assignment of Error**

Reagan Tokes is unconstitutional as it vests sentencing power in the Executive Branch and fails to afford appellant access to an attorney at any disciplinary hearing while he is [in] ODRC's custody.

**Analysis**

{¶ 3} In appellant's assignment of error he argues that his indefinite sentence is unconstitutional because the Reagan Tokes Act violates the separation-of-powers doctrine as it allows the executive branch of government to make decisions regarding the length of his incarceration. Appellant further takes issue with the fact that counsel is not provided for a defendant at the hearing conducted pursuant to R.C. 2967.271(F)(3) to determine whether a reduction in the prison term is warranted.

{¶ 4} Appellant's failure to raise the constitutionality of the Reagan Tokes Act in the trial court generally constitutes a waiver of such argument. However, appellant specifically asserts plain error and correctly states this court may review cases of plain error "where the rights and interests involved may warrant it." *State v. Rottman*, 6th Dist.

Lucas No. L-20-1061, 2021-Ohio-1618, ¶ 7, citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988).

{¶ **5**} Before reaching the merits of his argument, however, we note that this court has consistently held that a challenge to the Reagan Tokes Act becomes ripe only after a defendant has completed the minimum term of the indefinite sentence and has been denied release. Thus, we have dismissed such assignments of error as not ripe for review. *See, e.g.*, *State v. Maddox*, 6th Dist. Lucas No. L-20-1167, 2020-Ohio-4702; *State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414 (6th Dist.); *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757; *State v. Wheeler*, 6th Dist. Wood No. WD-21-019, 2021-Ohio-3062.

{¶ **6**} On December 28, 2020, the Ohio Supreme Court determined that a conflict exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, 2020 WL 5743293*; State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, 2020 WL 4919694; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, 2020 WL 4919780; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, 2020 WL 4279793. Based on this conflict, the Ohio Supreme Court accepted review of the following certified question:

> Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from

3.

sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

*State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 7} Thus, while noting the conflict certified to the Supreme Court of Ohio under *Maddox*, we dismiss the appeal as appellant's challenge to the constitutionality of the Reagan Tokes Act is not ripe for review. *See State v. Figley*, 6th Dist. Lucas No. L-20-1167, 2021-Ohio-2622.

**Conclusion**

{¶ 8} Based on the foregoing, we dismiss this appeal. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

Christine E. Mayle, J. _____
CONCURS IN DECISION ONLY
AND WRITES SEPARATELY.

_____
JUDGE

**MAYLE, J.**

{¶ 9} Although I agree that we must follow this court's decision in *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, ¶ 7—which held that the appellant's constitutional challenges to the Reagan Tokes Act, S.B. 201, are not ripe for review—I disagree with the majority's ultimate decision to dismiss this appeal while simply "noting" the conflict that the Supreme Court of Ohio has determined exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 10} In my view, we do not have the constitutional authority to simply "note" a conflict between our court and another Ohio court of appeals—once we determine that a conflict exists, we *must* certify the conflict to the Supreme Court of Ohio under Section 3(B)(4), Article IV of the Ohio Constitution, which states, "*[w]henever* the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, *the judges shall certify the record of the case to the supreme court for review and final determination*." (Emphasis added).

{¶ 11} For that reason, I would find that our judgment in this appeal—which follows *Maddox*—is in conflict with decisions of the Second, Third, and Twelfth District

5.

Courts of Appeals.  *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker,* 161 N.E.3d 112, 2020-Ohio-5048 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 157 N.E.3d 142, 2020-Ohio-4102 (12th Dist.); and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103.

{¶ 12} I would dismiss this appeal and sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.