[Cite as *State v. Velliquette*, 2022-Ohio-2747.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-19-1232

    Appellee                                        Trial Court No.  CR0201902337

v.

Dyllan Velliquette                               **DECISION AND JUDGMENT**

    Appellant                                        Decided:  August 5, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This matter is before the court on remand from the Ohio Supreme Court,

following reversal of our determination that the challenge to indefinite sentencing under

R.C. 2967.271 (the "Reagan Tokes Law") is not ripe for review.  *See State v. Velliquette,*

2020-Ohio-4855, 160 N.E.3d 414, ¶ 10, *motion to certify allowed*, 161 Ohio St.3d 1415, 2021-Ohio-120, 161 N.E.3d 708, ¶ 10, *and rev'd and remanded sub nom. In re Cases Held for the Decision in State v. Maddox*, 2022-Ohio-1352, ¶ 10.

{¶ 2} Appellant Dyllan Veliquette was sentenced under the Reagan Tokes Law, after entering a no contest plea to aggravated robbery and aggravated burglary. In his direct appeal, appellant challenged the trial court's denial of his motion to suppress, and also argued the Reagan Tokes Law is unconstitutional as a violation of the separation of powers doctrine and his due process rights. We affirmed the trial court's denial of the motion to suppress and dismissed the appeal as to the challenge to the Reagan Tokes Law, finding the issue not ripe for review as stated in *State v. Maddox,* 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *reversed and remanded State v. Maddox,* Slip Opinion No. 2022-Ohio-764.

{¶ 3} Upon review of the remanded assignment of error, appellant's constitutional challenge raises issues previously raised in this court. In *State v. Gifford,* 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, we found that the Reagan Tokes Law does not violate the separation-of-powers doctrine. Then, in *State v. Stenson*, 2022-Ohio-2072, --- N.E.3d ---- (6th Dist.), we found that the Reagan Tokes Law does not, on its face, infringe upon a defendant's right to due process. Most recently, in *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, we reiterated our prior determinations as to the

2.

constitutionality of the Reagan Tokes Law upon a thorough analysis of arguments identical to those raised by appellant in this case.

{¶ 4} Finding no new issues raised within appellant's argument of error, we find the separation-of-powers and due process arguments lack merit, consistent with our prior determinations in *Gifford, Stenson,* and *Eaton.* Accordingly, appellant's second assignment of error, asserted in his direct appeal and deemed ripe for review, is not well-taken.

{¶ 5} For the forgoing reasons, we affirm the judgments of the Lucas County Court of Common Pleas of August 30, 2019 and September 12, 2019. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
JUDGE

Thomas J. Osowik, J.

_____
Gene A. Zmuda, J.       JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.