**[Cite as *State v. Orzechowski*, 2021-Ohio-985.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                       Court of Appeals No. WD-20-029

      Appellee                                Trial Court No. 2019 CR 434

v.

Jamar Orzechowski                              **DECISION AND JUDGMENT**

      Appellant                               Decided:  March 26, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Jamar Orzechowski, appeals the March 13, 2020 judgment of the
Wood County Court of Common Pleas sentencing him to an 11-month prison term
following his theft conviction.  For the reasons that follow, we affirm the trial court's
judgment.

## A. Facts and Procedural Background

{¶ 2} On June 9, 2019, appellant was indicted on one count of grand theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fourth-degree felony. The charge arose from appellant's taking and using credit cards belonging to the victim without her consent. Appellant appeared for his arraignment on October 15, 2019, and entered a not guilty plea.

{¶ 3} Following negotiations with the state, appellant appeared before the trial court on January 14, 2020, for a change of plea hearing. In accordance with their agreement, the state made an oral motion to amend the grand theft charge to a theft charge—a fifth-degree felony. The trial court granted the state's motion and appellant entered a guilty plea to the amended charge. The trial court then accepted appellant's guilty plea and ordered him to participate in the preparation of a presentence report.

{¶ 4} Appellant's sentencing hearing took place on March 3, 2020. The trial court imposed an 11-month prison term for appellant's theft conviction. The trial court memorialized appellant's sentence in its March 13, 2020 judgment entry.

## B. Assignments of Error

{¶ 5} Appellant timely appealed and asserts the following error for our review:

> 1. The court abused its discretion by sentencing appellant to serve an eleven month term in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions as recommended by the state of Ohio.

2.

## II. Analysis

{¶ 6} In his sole assignment of error, appellant argues that the trial court's imposition of a prison term was contrary to law because the trial court "did not properly apply the statutory guidelines in R.C. 2929.11 and 2929.12 prior to sentencing[.]" In previous appeals, we have reviewed whether the felony sentence a trial court imposed after considering the factors described in R.C. 2929.11 and 2929.12 was supported by the record. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8, citing *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 14. In doing so, we held that if the record does not support the trial court's findings, that the sentence would be contrary to law under R.C. 2953.08(G)(2)(b). *Id.* at ¶ 8, 10-16. However, we recognize that the Ohio Supreme Court's recent decision in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, precludes us from performing such a review.

### A. Overview of Ohio's Felony Sentencing Review Statute

{¶ 7} An appellate court's review of felony sentences is governed by R.C. 2953.08(G)(2) which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

3.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Put simply, R.C. 2953.08(G)(2)(a) permits appellate courts to vacate or modify a sentence when certain statutory findings are not supported by the record. R.C. 2953.08(G)(2)(b) permits appellate courts to modify or vacate a sentence that is "contrary to law." In either case, the burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 8} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, the Ohio Supreme Court stated:

some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

4.

*Id.* at ¶ 23. *Marcum*, then, seemingly permitted appellate courts to determine whether *any* sentence imposed under R.C. 2929.11 and 2929.12 was supported by the record. Implicit in that review is that if the record did not support the sentence imposed, that sentence could be reversed as being contrary to law under R.C. 2953.08(G)(2)(b)—the same review appellant requests here. In *Jones*, as described below, the Ohio Supreme Court determined that R.C. 2953.08(G)(2) does not authorize appellate courts to perform this type of review.

**B. Application of R.C. 2953.08(G)(2) as Described in *State v. Jones***

{¶ 9} In *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court accepted jurisdiction over one proposition of law—that "R.C. 2953.08(G)(2) does not allow a court of appeals to review the trial court's findings made pursuant to R.C. 2929.11 and 2929.12." *Id.* at ¶ 16. At issue in *Jones* was appellant Randy and Carissa Jones' sentences for involuntary manslaughter, endangering children, and permitting child abuse related to the death of their 12-year-old child. *Id.* at ¶ 1, 7. At sentencing, the trial court noted its consideration of R.C. 2929.11 and 2929.12 and imposed a definite prison term of ten years for each defendant. *Id.* at ¶ 9. Through complex appellate proceedings which are not relevant to this appeal, the Eighth District Court of Appeals ultimately issued an en banc decision in which it held that courts of appeals had the authority to review whether a trial court's findings under R.C. 2929.11 and 2929.12 are supported by the record. *Id.* at ¶ 13. In reaching this conclusion, the court relied on the language from *Marcum* which suggested such a review was permitted.

5.

{¶ 10} In *Jones*, the Ohio Supreme Court held that this language from *Marcum* was dicta and did not expand appellate court's authority to review felony sentences beyond the plain language of R.C. 2953.08(G)(2). *Id.* at ¶ 27-28. Specifically, *Jones* held that "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28. Since the statute does not authorize appellate review of whether a trial court's R.C. 2929.11 and 2929.12 findings are supported by the record, the Ohio Supreme Court held that the Eighth District Court of Appeals erred in conducting such a review. *Id.* at ¶ 29. Applied here, we find that R.C. 2953.08(G)(2)(a) does not permit us to review whether the trial court's R.C. 2929.11 and 2929.12 findings are supported by the record.

{¶ 11} Having determined that the trial court's findings are not reviewable under R.C. 2953.08(G)(2)(a), appellant could only succeed in this appeal if the trial court's sentence was reviewable under R.C. 2953.08(G)(2)(b) as being "contrary to law." However, *Jones* also addressed that issue and held that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law'" under R.C. 2953.08(G)(2)(b). *Id.* at ¶ 32.

6.

{¶ 12} To reach this conclusion, the Supreme Court reviewed the evolution of the statute from its enactment through amendments to its present form. In the original version enacted in 1995, separate provisions in the statute permitted appellate courts to modify or vacate a sentence if it found "[t]hat the record does not support the sentence" or "[t]hat the sentence is otherwise contrary to law." *Id.* at ¶ 35. The General Assembly amended the statute in 2000 and eliminated the provision allowing an appellate court to modify or vacate a sentence that is not supported by the record but retained the provision regarding whether a sentence is contrary to law. *Id.* at ¶ 37. Based on this amendment, the Supreme Court determined:

> when R.C. 2953.08 was enacted in 1995, the term "otherwise contrary to law" in former R.C. 2953.08(G)(4), 146 Ohio Laws, Part IV, at 7565, meant something other than an appellate court finding that the record does not support a sentence. This is because such a finding would have fallen under the provision permitting the appellate court to vacate a sentence if "the record does not support the sentence." Second, since R.C. 2953.08 was first enacted, the term "otherwise contrary to law" has not been expanded or modified to include such findings. This is because when the General Assembly amended R.C. 2953.08(G) in 2000 to eliminate the broad provision permitting an appellate court to review whether "the record does not support the sentence," it left the "otherwise contrary to law" provision that is still in current R.C. 2953.08(G)(2)(b) unchanged.

7.

Concluding that the term "otherwise contrary to law" nonetheless has expanded to include an appellate court's conclusion that a sentence is not supported by the record would run contrary to the notion that we "must presume that the amendments were made to change the effect and operation of the law[.]"

*Id.* at ¶ 38 (internal citations omitted). Put simply, an appellate court's determination that a sentence was not supported by the record is not the same as finding that the sentence was contrary to law—the requirement for vacating or modifying a sentence under R.C. 2953.08(G)(2)(b). For this reason, the Supreme Court held that appellate courts cannot modify or vacate a sentence as being contrary to law based on their view that "the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. Applied here, R.C. 2953.08(G)(2)(b) does not permit us to vacate or modify appellant's sentence if we were to determine that the trial court's R.C. 2929.11 and 2929.12 findings were not supported by the record.

{¶ 13} Given that neither R.C. 2953.08(G)(2)(a) or (b) permits us to vacate or modify appellant's sentence if we find the record does not support the trial court's imposition of a prison term following its consideration of R.C. 2929.11 and 2929.12, we are precluded from conducting the review appellant requests. Moreover, we recognize that the holding in *Jones* precludes this court's review of felony sentences based solely on the appellant's contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12 when it determined the appropriate sentence. In light of

8.

*Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error. We, therefore, find appellant's assignment of error not well-taken.

### III. Conclusion

**{¶ 14}** We find appellant's assignment of error not well-taken and affirm the March 13, 2020 judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.