**[Cite as *State v. Shepard*, 2021-Ohio-1844.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                         Court of Appeals No. L-20-1070

        Appellee                Trial Court No. CR0201902692

v.

Angela Shepard              **DECISION AND JUDGMENT**

        Appellant              Decided: May 28, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Angela Shepard, from the judgment of the Lucas County Court of Common Pleas journalized on March 20, 2020. For the reasons that follow, we affirm.

## Assignments of Error

1. The sentencing provisions of Senate Bill 201, otherwise known as the Reagan Tokes Act, are unconstitutional.

2. Appellant's sentence does not achieve the purposes and principles of sentencing.

## Background

{¶ 2} On September 27, 2019, appellant was charged by way of indictment with three counts of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), felonies of the first degree (Counts 1-3), and three counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree (Counts 4-6). On October 2, 2019, appellant was arraigned and pled not guilty. On February 7, 2020, appellant was additionally charged by way of information with sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree (Count 7).

{¶ 3} On February 10, 2020, appellant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one amended count of rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree (Count 1), one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree (Count 4), and one count of sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree (Count 7).

{¶ 4} Appellant was sentenced on March 16, 2020. With respect to Count 1, pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Law, the trial

2.

court imposed an indefinite sentence with a minimum of ten years and an indefinite maximum term of 15 years. The trial court also imposed a 54-month sentence with regard to Count 4, to be served concurrently to Count 1, and a 54 month sentence with regard to Count 7, to be served consecutively to Count 1. At the state's request, the court nolled Counts 2, 3, 5 and 6. The court also notified appellant of her status as a Tier III child victim offender. The sentence was memorialized in a judgment entry journalized March 20, 2020.

{¶ 5} Appellant has appealed her sentence to this court.

## First Assignment of Error

{¶ 6} In her first assignment of error, appellant argues that the Reagan Tokes Law is unconstitutional as it violates her right to trial by jury, her right to due process, and the separations of power doctrine.

{¶ 7} The Reagan Tokes Law "'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after [March 22, 2019]." *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1.

> The [Reagan Tokes] Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The [l]aw establishes a presumptive

3.

release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, the offender may remain incarcerated for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *State v. Sawyer*, 165 N.E.3d 844, 2020-Ohio-6980, ¶ 18 (6th Dist.).

{¶ 8} Appellant specifically takes issue with the portions of the Reagan Tokes Law which allow the ODRC to administratively extend her incarceration beyond her presumptive minimum prison term of ten years up to a maximum term of 15 years. However, appellant has not yet served her minimum sentence and has not yet been subject to the provisions of the Reagan Tokes Law to which she objects.

{¶ 9} The state has argued, inter alia, that the concerns appellant has raised are merely hypothetical, and thus, the court need not address the constitutional challenges at this time. Appellant counters that the issue is ripe for review because she is currently serving her prison sentence and therefore, all of her actions and behaviors are being judged and could later be used against her to extend her sentence.

4.

**{¶ 10}** As we stated in *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757:

> [T]his court has recently held that the constitutionality of the Reagan Tokes law is not ripe for review where the appellant's imprisonment term has not yet been extended by the ODRC. *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702. In *Velliquette*, we explained that the appellant's arguments as to the "possibility" of an extended prison term may never be realized. *Id.* at ¶ 29. *Velliquette* and the ripeness issue is currently before the Supreme Court of Ohio. *See State v. Velliquette*, 161 Ohio St.3d 1415, 2021-Ohio-120, 161 N.E.3d 708.

*Id.* at ¶ 10. Accordingly, we find appellant's first assignment of error not well-taken.

### Second Assignment of Error

**{¶ 11}** In her second assignment of error, appellant contends that her sentence was excessive and did not achieve the purposes and principles of sentencing. She maintains that her sentence does not effectively rehabilitate her using the minimum sanctions necessary to accomplish that purpose without imposing an unnecessary burden on state and local resources, as required by R.C. 2929.11(A). Instead, she asserts that, as a stay-at-home mother of four children with no prior criminal history, the most effective way to comply with the purposes of sentencing set forth in R.C. 2929.11(A) would be to sentence her to community control with sex offender treatment, or to the statutory

5.

minimum.  She also argues that the trial court did not give sufficient weight to the mitigating factors in her case.

{¶ 12} We review felony sentences pursuant to R.C. 2953.08(G)(2).  *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 7.  R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence either that the record does not support the sentencing court's findings under certain enumerated statutory sections, or that the sentence is contrary to law.  Appellant has not argued that any of the specified statutory sections are applicable, nor has she specifically argued that her sentence was contrary to law.  Rather, appellant argues that her sentence does not meet the purposes and principles of sentencing set forth in R.C. 2929.11 and that the trial court did not properly give sufficient weight to the mitigating factors set forth in R.C. 2929.12.

{¶ 13} We have previously reviewed felony sentences to determine whether the trial court properly considered the purposes of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12.  In doing so, we relied upon language set forth in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23 suggesting that such a review would be consistent with R.C. 2953.08(G).[1]  *See, e.g., State v.*

---

[1] Specifically, in *Marcum*, the court stated that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court.  That is, an appellate court may vacate or modify any sentence that is not clearly

6.

*Buchanan*, 6th Dist. Lucas No. L-19-1231, 2020-Ohio-4542, ¶ 11, *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 9. However, the Ohio Supreme Court has recently clarified its language in *Marcum*, stating that the language was mere dicta and that R.C. 2953.08(G)(2) does not permit "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 27, 42. In so concluding, the court in *Jones* found that R.C. 2929.11 and 2929.12 are not among the statutes listed in R.C. 2953.08(G)(2)(a), and that a finding that a sentence is not supported by the record does not equate to "otherwise contrary to law" under R.C. 2953.08(G)(2)(b). *Id.* at ¶ 28, 31-32.

{¶ 14} We have found that *Jones* precludes this court from reviewing a felony sentence based solely upon an appellant's contention that the trial court did not properly consider the factors identified in R.C. 2929.11 and 2929.12 when determining an appropriate sentence. *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13. As a result of *Jones*, "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error." *Id.* Accordingly, we find appellant's second assignment of error not well-taken.

---

and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

**Conclusion**

**{¶ 15}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, P.J.

_____

Myron C. Duhart, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.