[Cite as *State v. Allen*, 2021-Ohio-2062.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-20-062 |
| Appellee | Trial Court No.   2017CR0372 |
| v. | |
| Matthew Allen | **DECISION AND JUDGMENT** |
| Appellant | Decided:  June 21, 2021 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Matthew Allen, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to seven years in prison after he pled guilty to one count of felonious assault.  We consider and place this appeal on the accelerated calendar, and this judgment entry is not an opinion of the court.  *See* S.Ct.R.Rep.Op. 2; App.R. 11.1(E); 6th Dist.Loc.App.R. 12.

{¶ 2} This is appellant's second appeal in this case. In appellant's first appeal, he argued that the trial court abused its discretion by sentencing him on a felony offense at a hearing on his motion to withdraw his guilty plea, without notifying him in advance of its intent to proceed to sentencing at that time and despite his defense counsel's request for a continuance to prepare for sentencing. Upon our review of the record, we agreed with appellant. Thus, we reversed the trial court's judgment and remanded the matter to the trial court for resentencing.

{¶ 3} On remand, the trial court conducted a sentencing hearing and ordered appellant to serve seven years in prison on the charge of felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree. Thereafter, appellant filed his timely notice of appeal. On appeal, appellant assigns the following error for our review:

> Assignment of Error I - Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

{¶ 4} In his sole assignment of error, appellant contends that the trial court failed to comply with the dictates of R.C. 2929.11 and 2929.12 when it sentenced him to seven years in prison. More specifically, appellant argues that the trial court's sentence does not achieve the principles and purposes of sentencing under R.C. 2929.11, and that the trial court failed to consider all of the mitigating factors under R.C. 2929.12(C).

2.

{¶ 5} Our review of appellant's felony sentence is governed by R.C. 2953.08(G)(2) which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 6} Here, appellant does not contend that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 or the seriousness and recidivism factors under R.C. 2929.12 prior to sentencing him. Indeed, the trial court expressly indicated its consideration of these sentencing criteria, both at the sentencing hearing and in its sentencing entry. Further, appellant's seven-year sentence is within the statutory range for felonies of the second degree under R.C. 2929.14(A)(2).

{¶ 7} In its recent decision in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court stated that "R.C. 2953.08(G)(2)(a) permits an appellate court to

3.

modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28. Thus, R.C. 2953.08(G)(2)(a) does not permit us to review whether the trial court's R.C. 2929.11 and 2929.12 findings are supported by the record. *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10.

{¶ 8} Since the trial court's findings are not reviewable under R.C. 2953.08(G)(2)(a), appellant's sentencing argument fails unless he establishes that his sentence is contrary to law under R.C. 2953.08(G)(2)(b). "However, *Jones* also addressed that issue and held that 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is "otherwise contrary to law"' under R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 11, quoting *Jones* at ¶ 32. In light of the Ohio Supreme Court's holding in *Jones*, we may not vacate or modify appellant's sentence under R.C. 2953.08(G)(2)(b) even if we were to determine that the trial court's R.C. 2929.11 and 2929.12 findings were not supported by the record.

{¶ 9} In sum, neither subsection of R.C. 2953.08(G)(2) permits us to vacate or modify appellant's sentence if we find the record does not support the trial court's imposition of a prison term following its consideration of R.C. 2929.11 and 2929.12. "[A]ssigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this

4.

court to find reversible error." *Id.* at ¶ 13. Accordingly, we find appellant's assignment of error not well-taken.

{¶ 10} The judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

                                                                      JUDGE

Gene A. Zmuda, P.J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.