[Cite as *State v. Alliman*, 2025-Ohio-1490.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

    Appellee

v.

Brandan C. Alliman

    Apellant

Court of Appeals No. OT-24-009
OT-24-010

Trial Court No. 23 CR 0146
22 CR 0178

**<u>DECISION AND JUDGMENT</u>**

Decided: April 25, 2025

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a consolidated appeal from sentences imposed upon appellant,

Brandan Alliman, by the Ottawa County Court of Common Pleas in case Nos. 2022-

CR-178 and 2023-CR-146 on February 13, 2024.  The court ordered appellant to serve

an aggregate sentence of imprisonment of 22 to 27 ½ years following his guilty pleas to each indictment. For the reasons that follow, we affirm the judgment of the trial court.

## PROCEDURAL HISTORY

{¶ 2} Mr. Alliman was indicted on two separate cases. In case No. 2022-CR-178, the Ottawa County grand jury returned a true bill indictment charging Alliman with seven felonies that occurred on or about August 26, 2022: Count One, Aggravated Burglary, a felony of the first degree; Count Two, Attempted Murder, a felony of the first degree; Count Three Felonious Assault, a felony of the second degree; Count Four, Kidnapping, a felony of the first degree; Count Five, Kidnapping, a felony of the first degree; Count Six, Abduction, a felony of the third degree (lower tier); and Count Seven, Abduction, a felony of the third degree (lower tier).

{¶ 3} In case No. 2023-CR-146, the Ottawa County grand jury returned a second true-bill indictment charging appellant with three felonies that occurred on or about September 15, 2019: Count One, Aggravated Arson, a felony of the first degree; Count Two, Burglary, a felony of the second degree; and Count Three, Cruelty to Companion Animals, a felony of the fifth degree.

{¶ 4} On November 27, 2023, appellant pled guilty to both indictments. At the plea hearing, the prosecution presented its statement of facts:

> THE COURT: Okay, listen closely, Brandan because I'll ask you if this is accurate when we're done.

2.

MR. MATUSZAK:   Your honor, the State will start first with Case 22 CR 178. On or about August 26th of 2022, the victim, in this case, L.S., was upstairs in her bedroom. Asleep at her residence here in Port Clinton, Ottawa County, Ohio, and she woke to somebody gently tapping her shoulder. She thought that it might be her daughter, who from time to time would spend the night in the guest bedroom. When she rolled over, she saw the defendant standing there, asked him in very frank terms what the heck he was doing in her house.

At that point in time, the defendant started to attack her. First, he put his hands around her throat and started choking her. She screamed and she fought back. And ultimately, he grabbed a pillow. He put the pillow over her head as he continued to choke her. And then for some reason, during her struggle to free herself, he just got up and ran out of the house, and she heard him run through the back door of the home. Obviously, she called 911 immediately and the police swarmed the area.

\*\*\*\*\*

And then turning to Case Number 23 CR 148. …. Back on September 15th of 2019, a Port Clinton police officer was on routine patrol and saw what appeared to be a glow not too far away. So, he drove his car around and realized that the home on 321 Washington Street was on fire. So, he immediately contacted Port Clinton Fire Department, who responded, but suffice it to say, the house was, essentially, a total loss. And the dog, who was in the house at the time, died as a result of the fire.

The case went unsolved for years. The fire marshals investigated and conducted an interview with the defendant when he was in custody in Case Number 22 CR 178. And the defendant, to his credit, came forward during the course of his second interview and said, yes, I went into the house that night, I stole $50. And I set the curtains in the kitchen on fire, which is what caught the rest of the house on fire. And then he made his way out the front door. The dog was inside, and the dog died.

THE COURT: All right.  Brandan, you've heard the report from the Prosecutor's office.  Is that accurate?

MR. ALLIMAN: Yes, Your Honor.

3.

{¶ 5} A presentence report was prepared and on February 12, 2024, the court proceeded to sentencing. In case No. 2022-CR-178, as to Count One, Alliman was sentenced to a minimum prison term of 11 years, up to a maximum of 16 ½ years, on Count One, in the Ohio Department of Rehabilitation and Corrections. As to Count Two, appellant was sentenced to a minimum prison term of 11 years, up to a maximum of 16 ½ years. The stated sentences in this case were ordered to be served consecutively for a total prison term of 22 to 27 ½ years.

{¶ 6} In case No. 2023-CR-146, as to Count One, appellant was sentenced to a minimum prison term of six years up to a maximum of nine years, in the Ohio Department of Rehabilitation and Corrections. As to Count Two, he was sentenced to a minimum prison term of six years, up to a maximum of nine years. As to Count Three, Alliman was sentenced to a prison term of 12 months. The stated sentences in each of these counts were ordered to run concurrent with the stated sentences in case No. 22 CR 178, for a total prison term of 22 to 27 ½ years in the Ohio Department of Rehabilitation and Corrections. As to Count Four, appellant was sentenced to a minimum prison term of ten years, up to a maximum of 15 years. The stated sentences in Count Four were to be served concurrent with the sentences in Count One and Count Two, for a total prison term of 22 years to 27 ½ years.

4.

# ASSIGNMENT OF ERROR

{¶ 7} Appellant asserts one assignment of error:

The trial court erred by imposing a 22 to 27 ½ year prison sentence.

{¶ 8} Alliman concedes that the trial court imposed a sentence that was not contrary to law and that the court made the required findings to impose consecutive sentences. Nevertheless, given the substantial prison term that he received, Alliman asks this court to review his sentence "in the interest of justice" without further argument.

{¶ 9} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶ 10} In a broad sense, Alliman's appeal to this court presumably relates to the mitigating factors of R.C. 2929.11 and 2929.12. However, R.C. 2953.08(G)(2) does not permit an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. *State v. Kern*, 2024-Ohio-5976, ¶ 17-19 (6th Dist.), citing *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), quoting *State v. Jones*,

5.

2020-Ohio-6729, ¶ 42; *see also, e.g., State v. Johnson*, 2021-Ohio-2139, ¶ 14 (6th Dist.), citing *State v. Orzechowski*, 2021-Ohio-985, ¶ 10 (6th Dist.); *State v. Woodmore*, 2021-Ohio-1677, ¶ 17 (6th Dist.).

{¶ 11} We have previously held *Jones* precludes this court from reviewing a felony sentence based solely upon an appellant's contention that the trial court did not properly consider the factors identified in R.C. 2929.11 and 2929.12 when determining an appropriate sentence. *State v. Shepard*, 2021-Ohio-1844, ¶ 14; *see also Orzechowski* at ¶ 13. Therefore, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error. *Id.*

{¶ 12} Despite appellant's invitation to this court to consider modifying his sentence because of its significant aggregate nature, the Ohio Supreme Court has made it clear that an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. *State v. Hammons*, 2024-Ohio-6128, ¶ 22 (6th Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 45.

{¶ 13} Furthermore, nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. *State v. Scott*, 2024-Ohio-5849, ¶ 108 (6th Dist.), citing *Glover* at ¶ 43.

{¶ 14} We must therefore reject Alliman's sole assignment of error.

6.

## CONCLUSION

{¶ 15} The judgment of the Ottawa County Court of Common Pleas is affirmed.

Alliman is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also*, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

JUDGE

Christine E. Mayle, J.

JUDGE

Charles E. Sulek, P.J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.