[Cite as *State v. Cordell*, 2025-Ohio-2089.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No.  OT-24-033

    Appellee                                 Trial Court No.  2023 CR 308

v.

Ronald Cordell                                **DECISION AND JUDGMENT**

    Appellant                                Decided:  June 13, 2025

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
and Alec Vogelpohl, Assistant Prosecuting Attorney, for appellee.

Misty Wood, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Ronald Cordell, from the

May 6, 2024 order of the Ottawa County Common Pleas Court.  For the reasons that follow,

we affirm.

**Assignment of Error**

The 30-month prison sentence and permanent suspension of Mr. Cordell's
operator's license was an abuse of discretion when the State's
recommendation of 18 months and a minimum license suspension along
with Interlock as requested by Mr. Cordell's counsel would have been

sufficient to satisfy the purposes of sentencing under R.C. 2929.11 and R.C. 2929.12.

## Background

**{¶ 2}** On November 8, 2023, Cordell was indicted on one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(G)(1)(e), a felony of the third degree, one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(2)(a), R.C. 4511.19(A)(2)(b), and R.C. 4511.19(G)(1)(e), a felony of the third degree, and one count of driving in marked lanes or continuous lines of traffic, in violation of R.C. 4511.33(A)(1) and (B), a minor misdemeanor.

**{¶ 3}** Although Cordell initially pled not guilty, he later withdrew his not guilty plea and entered a plea of guilty to an amended Count 1, operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d), a felony of the fourth degree.

**{¶ 4}** Cordell appeared for sentencing on May 6, 2024. At sentencing, pursuant to the plea agreement, the State recommended 18 months in prison and moved to dismiss Counts Two and Three. Prior to sentencing, both Cordell and his attorney spoke, and both requested, inter alia, that Cordell be permitted to continue driving with the Interlock system in place. After Cordell spoke, the judge stated that he had reviewed both R.C.

2.

2929.11 and R.C. 2929.12.  He then made the following relevant statements:

> THE COURT:  . . . This is a case that does require a mandatory term of incarceration.
>
> I've considered the sentencing factors in 2929.12.  The more likely recidivism factors outweigh the less likely factors.  The more serious factors do not outweigh the less serious factors.
>
> I've considered the Presentence Report that I have here.  And the listing of OVI charges that are here, some were dismissed.  But in all, I think there's nine or ten - - nine previous OVIs.  I, I am familiar with you from Drug Court.  And I know that you have enjoyed some periods of sobriety.  But I know you cannot dabble in alcohol.
>
> MR. CORDELL: Yes, sir.
>
> THE COURT:  You cannot control it.  You are a diseased person.  You have the disease of alcoholism, and we know that from, from talking in Drug Court.  We know that from looking at your record.  And we know that you can't drive and we know you still do.
>
> MR. CORDELL:  Legally.
>
> THE COURT:  Even though you know you're an alcoholic.  Even though you're still drinking, you still choose to drive.

{¶ 5} Then, after conversing with Cordell again, the court sentenced him to 30 months in the Ohio Department of Rehabilitation and Corrections, fined him $1,350, and suspended his operator's license for life.  The court did dismiss Counts Two and Three.

{¶ 6} Cordell appealed.

## Law and Analysis

{¶ 7} Cordell argues that his 30-month sentence and the permanent suspension of his operator's license was an abuse discretion as the recommended sentence of 18 months with a minimum license suspension along with Interlock "would have been sufficient to satisfy the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12." He contends that the trial court "failed to impose minimum sanctions to promote effective rehabilitation as required by R.C. 2929.11."

3.

**{¶ 8}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (2) "the sentence is otherwise contrary to law."

**{¶ 9}** Cordell does not suggest that the record does not support the trial court's findings under any of the specified statutes. Cordell's only argument is that the trial court did not appropriately apply R.C. 2929.11 and R.C. 2929.12, including by not sentencing Cordell to the minimum sanction necessary to promote effective rehabilitation. "However, R.C. 2953.08(G)(2) does not permit an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Alliman*, 2025-Ohio-1490, ¶ 10 (6th Dist.). We have held previously that the Ohio Supreme Court case of *State v. Jones,* 2020-Ohio-6729, "precludes this court from reviewing a felony sentence based solely upon an appellant's contention that the trial court did not properly consider the factors identified in R.C. 2929.11 and 2929.12 when determining an appropriate sentence." *Id.* at ¶ 11. "Moreover, we may summarily dispose of an assignment of error that is based only on the trial court's consideration of

4.

the factors in R.C. 2929.11 and 2929.12." *State v. Eames*, 2024-Ohio-183, ¶ 10 (6th Dist.).

{¶ 10} Here, Cordell's only assigned error contends that the trial court did not appropriately apply R.C. 2929.11 and R.C. 2929.12.  Such an assigned error is no longer grounds for this court to find reversible error.  Therefore, we find Cordell's assignment of error not well-taken.

### Conclusion

{¶ 11} The judgment of the Ottawa County Common Pleas Court is affirmed. Pursuant to App.R. 24, Cordell is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                    _____
                                                           JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, J.                       _____
CONCUR.                                            JUDGE

_____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.